# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANYA Y. CLARK                : CIVIL ACTION
                              :
    vs.                       :
                              : NO. 10-CV-1240
MICHAEL J. ASTRUE,            :
Commissioner of Social Security :

## MEMORANDUM AND ORDER

**JOYNER, C.J.**                                          **June 15, 2011**

This civil action is before the Court on Motion of the Plaintiff, Tanya Clark, for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). For the reasons set forth below, the Motion shall be denied.

## Background

Plaintiff commenced this action in March, 2010 pursuant to Chapter 7 of the Social Security Act, 42 U.S.C. §405(g)("Act"), to obtain judicial review of the final decision of the Commissioner of Social Security to deny her request for Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Act.[1] Specifically, Plaintiff asserted the following errors on the part of the Commissioner and Administrative Law Judge who oversaw the hearing on her benefits application:

---

[1] Plaintiff, who is a 46 year-old woman with an eleventh-grade education, claimed disability due to congestive heart failure, hypothyroidism, lupus, obesity, end stage liver disease, depression and anxiety.

> (1) failing to find that the severity of her chronic heart failure met the requirements of section 4.02 of the listing of impairments;
>
> (2) completely rejecting the opinion of her treating cardiologist;
>
> (3) improperly relying on testimony by the vocational expert which is not consistent with the Dictionary of Occupational Titles ("DOT"); and
>
> (4) failing to properly evaluate and weigh her testimony and other subjective statements.

The matter was referred to U.S. Magistrate Judge Linda K. Caracappa for review and preparation of a Report and Recommendation. Judge Caracappa issued her Report and Recommendation on January 31, 2011, finding first, that the record supported and the ALJ sufficiently explained why Plaintiff's chronic heart failure did not meet the severity criteria of section 4.01. ( R & R, p. 21). Second, Judge Caracappa concluded that "the ALJ was justified in not affording controlling weight to Dr. Hankins' opinions, despite that she is plaintiff's treating cardiologist," and that "substantial evidence exists for the ALJ's adverse credibility finding." Thus, she was "unpersuaded by plaintiff's argument that the ALJ did not properly follow pertinent regulations in evaluating plaintiff's subjective complaints." ( R & R, pp. 21, 25). Noting that while it is true that "the ALJ is required to give great weight to a plaintiff's testimony of subjective complaints," Judge Caracappa likewise found that an "ALJ has the

right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are found not credible." (R & R, p. 24). And, finding that substantial evidence existed to justify an adverse credibility assessment, Judge Caracappa found no basis on which to reverse or remand the ALJ on the fourth assignment of error. ( R & R, p. 25).

As to the third assignment of error, however, Judge Caracappa noted that the ALJ accepted the vocational expert's testimony that Ms. Clark could "perform the representative occupations of telephone information clerk and charge account clerk, both occupations requiring a reasoning level of 3 according to the DOT." This testimony was:

> "inconsistent with the ALJ's determination that plaintiff be limited to simple, routine tasks. Because the ALJ did not inquire of the VE how plaintiff can perform either of these jobs, which have reasoning levels of 3, while the ALJ restricted plaintiff to simple, routine tasks, a conflict exists. The ALJ did not discharge his duty, pursuant to SSR-004p, to inquire about the conflict on the record and to explain in his decision how the discrepancy was resolved. ... Further, because our review of the record does not reflect substantial evidence that plaintiff can perform jobs with a reasoning level of 3, a remand is appropriate so that the ALJ can explain these inconsistencies."

( R & R, p. 23, internal citations omitted).

Thus, Judge Caracappa recommended that the matter be remanded to the Commissioner of Social Security for further proceedings to rectify this omission on the part of the ALJ. No objections were filed to the Report and Recommendation and it was approved by this Court in an Order entered on March 4, 2011. On

3

May 23, 2011, Plaintiff's attorney filed the Motion for Attorney's Fees with which we are here concerned.

### **Discussion**

As noted, the Plaintiff moves to recover counsel fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412. Subsection (d)(1)(A) of that statute reads as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The "specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Commissioner v. Jean, 496 U.S. 154, 163, 110 S. Ct. 2316, 2321, 110 L. Ed.2d 134 (1990). The EAJA permits awards of attorney's fees only to the extent that they are reasonable. Butterfield v. Astrue, 2011 U.S. Dist. LEXIS 48586 at *8 (E.D. Pa. May 5, 2011)(citing Citizens Council of Delaware County v. Brinegar, 741 F.2d 584, 595-95 (3d Cir. 1984)). "The EAJA is not a 'loser pays' statute; rather courts should limit their inquiries to whether the government's position was reasonable under the facts and the law." Bryan v. Astrue, 2011 U.S. Dist. LEXIS 51878 at *5 (M.D. Pa. May 16, 2011)(quoting

4

Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998). To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id., quoting Morgan, 142 F.3d at 684.

As used in the EAJA, the term "substantially justified" does not mean "justified to a high degree," "but rather 'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed.2d 490 (1988). "Substantial justification represents a middle ground between automatically awarding attorney's fees and awarding attorney's [fees] only when the government's position was frivolous." Butterfield, supra., at *10 (quoting Magwood v. Astrue, 594 F. Supp. 2d 557, 559 (E.D. Pa. 2009). "The government's position consists of both its prelitigation agency position and its litigation position." Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009). In determining "whether the government's position in a case is substantially justified," the courts must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted

reasonably in causing the litigation or in taking a stance during the litigation." Id. Rarely will a party's success on a single claim "be dispositive of whether the government's overall position was substantially justified." Id. (quoting Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). Indeed, "[a] position can be justified even though it is not correct, and can be substantially (*i.e.* for the most part) justified if a reasonable person could think it is correct. ..." Butterfield, 2011 U.S. Dist. LEXIS at *10 (quoting Pierce, 487 U.S. at 566 n.2). Again, it is the government which has the burden to establish substantial justification. Magwood, 594 F. Supp. 2d at 560 (citing Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987) and Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985).

Here, the Magistrate Judge recommended a remand to the ALJ for one very limited purpose – to resolve the apparent conflict between the Vocational Expert's opinion that Plaintiff can perform such representative jobs as telephone information clerk and charge account clerk, both of which have a reasoning level of 3, and the ALJ's restriction of Plaintiff to simple, routine tasks. In all other respects, Plaintiff's Complaint seeking judicial review was denied. Neither party filed objections to the Report and Recommendation and this Court subsequently approved and adopted it without any changes and in its entirety. No appeal was taken from this action either. Given that the

matter was remanded to the ALJ for reconsideration of only one issue out of four and this decision was not challenged, we easily conclude that the Commissioner's position throughout the proceedings in this matter was substantially justified and based on sound legal and factual grounds.  Accordingly, we deem denial of the within petition for attorney's fees to be appropriate and in keeping with the letter and spirit of the EAJA, most particularly §2412(d)(1)(A).

    For these reasons, Plaintiff's motion is denied via the attached order.